JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
The Hyman Companies, Inc
727 North Meadow Street
Allentown, PA  18102

## DEFENDANTS
Bijoux Terner, Inc., Jakal Investments Corp., Pitis Investment, Inc. The Zeiger Corp., t/a Bijoux Terner Partnership

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Lehigh
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Miami/Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Sandor Engel, Esquire
825 North Twelfth Street
Allentown, PA  18102

ATTORNEYS (IF KNOWN)

James H. Heller, Esquire
Cozen O'Connor
1900 Market Street
Phila., PA  19103    215-665-2189

## II. BASIS OF JURISDICTION (PLACE AN x IN BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C section 1446(d)

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury— Med Malpractice
- ☐ 365 Personal Injury— Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Other

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE  6/24/05

SIGNATURE OF ATTORNEY OF RECORD

**UNITED STATES DISTRICT COURT**

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8 (a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**V. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

(rev. 07/89)

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 727 North Meadow Street, Allentown, PA  18102

Address of Defendant: 6950 NW 77 Court, Miami, Fl  33126

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?                         Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                                      Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                                                      Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                                                      Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _Jon Heller_ , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53 2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought

DATE: 6/24/05                 _____                 44980
                                        Attorney-at-Law                        Attorney I.D.#

**NOTE:  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/24/05                 _____                 44980
                                        Attorney-at-Law                        Attorney I.D.#

CIV 609 (9/99)

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| The Hyman Companies, Inc. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| Bijoux Terner, Inc., Jakal Investments Corp., Pitis Investments, Inc., The Zeiger Corp. t/a Bijoux Terner Partnership | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                                            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                       (X)

| | | |
|---|---|---|
| 6/24/05 | | Defendants |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-665-2189 | 215-665-2013 | jheller@cozen.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# JS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE HYMAN COMPANIES, INC. | : | |
| | : | |
| Plaintiff | : | Civil Action No. |
| | : | |
| v. | : | |
| | : | $05cv3010$ |
| BIJOUX TERNER, INC., JAKAL INVESTMENTS | : | |
| CORPORATION, PITIS INVESTMENTS, INC., | : | |
| THE ZEIGER CORPORATION, t/a | : | |
| BIJOUX TERNER PARTNERSHIP, | : | |
| | : | |
| Defendants | : | **FILED** JUN 2 4 2005 |
| | : | |

## NOTICE OF REMOVAL BY DEFENDANTS BIJOUX TERNER, INC., JAKAL INVESTMENTS CORPORATION, PITIS INVESTMENTS, INC., THE ZEIGER CORPORATION, t/a BIJOUX TERNER PARTNERSHIP

Defendants Bijoux Terner, Inc., Jakal Investments Corporation, Pitis Investments, Inc., and The Zeiger Corporation, t/a Bijoux Terner Partnership, by and through its attorneys Cozen and O'Connor, hereby files this Notice of Removal of this action to the United States District Court for the Eastern District of Pennsylvania pursuant to hereby give notice of the removal of this civil action from the Court of Common Pleas of Lehigh County, Pennsylvania, where it is now pending as Civil Action No. 2005-C-1386, to the United States District Court for the Eastern District of Pennsylvania, without waiver of any defenses, procedural or substantive, and without waiver of any counterclaims, pursuant to 28 U.S.C. § 1441 *et seq.* In support of this removal, Defendants aver as follows:

1.    Plaintiff, The Hyman Corporation ("Plaintiff") commenced this action against Defendants by filing a Complaint in the Court of Common Pleas of Lehigh County, Pennsylvania, on May 24, 2005.

2.    Defendants received a copy of Plaintiff's Notice and Complaint via Certified Mail on May 27, 2005.    A true and correct copy of Plaintiff's Notice and Complaint are attached hereto as Exhibit "A."  This was the first notice Defendants had of this action.

3.    The United States District Courts have original subject matter jurisdiction over a case where the parties' citizenship is diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. §1332(a).

4.    Plaintiff is a Delaware Corporation with its principal place of business located at 727 North Meadow Street, Allentown, Pennsylvania 18102.  See Plaintiffs' Complaint at ¶ 1, Exhibit A.

5.    Defendant Bijoux Terner, Inc. is a corporation organized and existing under the laws of the State of Florida.  It maintains its principal place of business in Miami, Florida. See Plaintiffs' Complaint at ¶ 2, Exhibit A.

6.    Defendant Jakal Investments Corp.,  is a corporation organized and existing under the laws of the State of Florida.  It maintains its principal place of business in Hollywood, Florida. See Plaintiffs' Complaint at ¶ 3, Exhibit A.

7.    Defendant Pitis Investments, Inc. is a corporation organized and existing under the laws of the State of Florida.  It maintains its principal place of business in Aventura, Florida. See Plaintiffs' Complaint at ¶ 4, Exhibit A.

2

8.      Defendant The Zeiger Corporation. is a corporation organized and existing under the laws of the State of Florida.  It maintains its principal place of business in Miami, Florida. See Plaintiffs' Complaint at ¶ 5, Exhibit A.

9.      Defendants are partners in Bijoux Terner Partnership, a Florida partnership with a place of business in Miami, Florida. See Plaintiffs' Complaint at ¶ 6, Exhibit A.

10.      Pursuant to 28 U.S.C. §1332, a corporation is a citizen of the state in which it is incorporated and in which it maintains its principal place of business.  Accordingly, Defendants are not citizens of the Commonwealth of Pennsylvania.  There are no other defendants in the case at this time.

11.      Plaintiff's Complaint asserts five separate causes of action against Defendants. The Complaint asserts inter alia, breach of contract, breach of duty and good faith and fair dealing and fraud and misrepresentation..  See Plaintiffs' Complaint, Exhibit A.

12.      Plaintiff seeks to recovery one half of the profits from various stores, including but not limited to stores at the Pittsburgh and Orlando airports, plus interest, attorneys fees, and punitive damage.

13.      Although the Complaint does not indicate that the amount in controversy is in excess of $75,000, it is clear that the Complaint, read in the aggregate, seeks an amount in excess of $75,000, the monetary floor for this diversity action.

14.      Because Plaintiff is a citizen of the Commonwealth of Pennsylvania and Defendants are citizens of the State of Florida, complete diversity of citizenship exists. Moreover, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

3

15.     Accordingly, the United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a) and this action is removable to this Honorable Court pursuant to 28 U.S.C. §1441.

16.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas of Lehigh County, Pennsylvania, and is being served on Plaintiff.  See Notice of Filing of Notice of Removal attached hereto as Exhibit "B."

WHEREFORE, Defendants pray that an Order be entered that Civil Action No. 2005-C-1386 of the Court of Common Pleas of Lehigh County, Pennsylvania, be removed to this Court for further proceedings, and that this Court take jurisdiction herein and make such further Orders as may be just and proper.

Respectfully submitted,

COZEN O'CONNOR

By: _____
James H. Heller, Esquire
1900 Market Street
Philadelphia, PA 19103

Attorneys for Defendants

Dated:  June 24, 2005

EXHIBIT A

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

THE HYMAN COMPANIES, INC.,       :
            Plaintiff            :       No. 2005-C-1386
                                 :
        vs.                      :       IN EQUITY
                                 :
BIJOUX TERNER, INC.              :
JAKAL INVESTMENTS CORPORATION,   :
PITIS INVESTMENTS, INC.,         :
THE ZEIGER CORPORATION,  t/a     :
BIJOUX TERNER PARTNERSHIP,       :
            Defendants           :

## NOTICE

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST
THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION
WITHIN TWENTY (20) DAYS AFTER THIS **COMPLAINT AND NOTICE** ARE SERVED
BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND
FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE
CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO
DO SO THE CASE MAY PROCEED WITHOUT YOU AND A DEFAULT JUDGMENT MAY
BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY
MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF
REQUESTED BY THE PLAINTIFF.  YOU MAY LOSE MONEY OR PROPERTY OR
OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO
NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE
OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.
THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.
IF YOU CANNOT AFFORD TO HIRE A LAWYER THIS OFFICE MAY BE ABLE
TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL
SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

            Lawyer Referral Service
            Bar Association
            1114 Walnut Street
            Allentown, PA 18102
            (610)433-7094

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

THE HYMAN COMPANIES, INC.,    :
       Plaintiff    :    No.
          :
     vs.    :
          :
BIJOUX TERNER, INC.    :
JAKAL INVESTMENTS CORPORATION,:    IN EQUITY
PITIS INVESTMENTS, INC.,    :
THE ZEIGER CORPORATION,  t/a    :
BIJOUX TERNER PARTNERSHIP,    :
       Defendants    :

## COMPLAINT

### PARTIES

1.   Plaintiff, The Hyman Companies, Inc. (hereinafter, "Hyman"), is a Delaware corporation with its principal place of business located at 727 North Meadow Street, Allentown, Lehigh County, Pennsylvania 18102.

2.   Defendant, Bijoux Terner, Inc., is a Florida corporation with its principal place of business located at 6950 NW 77 CT, Miami, Florida 33126.

3.   Defendant, Jakal Investments Corp., is a Florida corporation with its principal place of business located at 993 Sanibel Drive, Hollywood, Florida 33019.

-2-

4.    Defendant, Pitis Investments, Inc., is a Florida corporation with its principal place of business located at 2600 Island Boulevard, Apt. 2006, Aventura, Florida 33160.

5.    Defendant, The Zeiger Corporation, is a Florida corporation with its principal place of business located at 6701 NW 7th Street, Suite #125, Miami, Florida 33126.

6.    Defendants, Bijoux Terner, Inc., Jakal Investments Corp., Pitis Investments, Inc., and The Zeiger Corporation are partners in Bijoux Terner Partnership, (hereinafter "BTP") a Floridal partnership with a place of business located at 6701 NW 7th Street, Suite #125, Miami, Florida 33126.

7.    At all times material hereto, Solomon Terner and Rosa Terner were the agents of BTP and authorized to act on its behalf.

8.    At all times material hereto, Nat Hyman, was the authorized agent of Hyman and authorized to act on its behalf.


## VENUE

9.    Venue is proper in Lehigh County pursuant to Pa.R.C.P. 2179 because transactions and occurrences took place in Lehigh County out of which the causes of action set forth herein arose.

-3-

## FACTS GIVING RISE TO THE DISPUTE

10. At all times material hereto, Hyman was engaged in the retail business of selling accessories.

11. At all times material hereto, BTP was engaged in the wholesale and retail business of selling accessories.

12. At all times material hereto and specifically prior to June 11, 2004, BTP knew that Hyman intended to open retail stores in environments frequented by tourists and which would sell merchandise of a similar nature to that which BTP sold.

13. On or about June 11, 2004, Solomon Terner and Nat Hyman agreed to a business relationship whereby Hyman and BTP would jointly open all new BTP stores in the United States on the basis of the following terms:

    a)   Hyman and BTP would each be responsible for fifty (50%) per cent of the investment for each store;

    b)   Hyman would build the store, supply computer equipment, bags, boxes and pay any other expenses necessary to open the store and would then be responsible for the operation of the store;

    c)   BTP would supply the fixtures necessary to open the store as well as the merchandise on an ongoing basis; and

-4-

d)    on a regular basis Hyman and BTP would reconcile their accounts to insure that their investment in each store and their costs of operation were being shared equally; and

e)    at the end of each year, the profit (or loss) would be divided equally.

14.    Immediately following the understanding described in Paragraph 13, above, Rosa Terner requested that Hyman convert some of its existing stores to BTP stores.

15.    Between June and September of 2004, Nat Hyman met several times with Solomon Terner and Rosa Terner, and at all such times, Solomon Terner urged Hyman to proceed with their business arrangement with all due haste, telling him that they would like to open as many as fifty (50) stores in the first year.

16.    Whenever Nat Hyman would ask Solomon Terner about reducing their agreement to writing, he would be told that the BTP lawyers were worried that it would constitute a franchise, and Hyman should proceed because he was like family and his handshake was his bond.

17.    In reliance upon these statements, Hyman spent considerable time and money looking for locations, and then meeting and negotiating with various landlords.

-5-

18. On or about October 5, 2004, Solomon Terner and Rosa Terner met with Nat Hyman in Allentown, Lehigh County, Pennsylvania, to discuss the process by which they would implement the agreement set forth in Paragraph 13, above, and they agreed as follows:

a)   all Bijoux Terner stores (other than those operated by independent third parties existing as of that date) in the United Sates would be owned and operated by a new corporation owned equally by Hyman and BTP;

b)   the new corporation would own and operate BTP's stores at the Pittsburgh, Pennsylvania and Orlando, Florida airports;

c)   Hyman would convert and operate two existing Hyman stores, specifically the ones located in Puerto Rico and Baltimore, Maryland;

d)   the parties would set up a joint venture to sell Hyman products wholesale and retail outside the United States, including cruise ships; and

e)   the parties would share all sourcing information.

19. In reliance on the statements from Solomon Terner and Rosa Terner, Hyman sent a representative to meet with BTP

representatives to continue with the implementation of the business plan set forth in Paragraphs 13 and 18, above.

20. Following the meeting in Allentown, Lehigh County, Pennsylvania, Solomon Terner and Rosa Terner urged Nat Hyman to begin converting Hyman stores to the sale of BTP merchandise.

21. In further reliance on the statements and representations of Solomon Terner and Rosa Terner, in November of 2004, Hyman converted stores located in Plaza Las Americas, Puerto Rico, and the Inner Harbor, Baltimore, Maryland to BTP merchandise.

22. During the period of time between October, 2004 and March, 2005, Solomon Terner advised Hyman that he could not sign a written agreement yet because he was considering a public offering, and the agreement would create complications. Nevertheless, he continued to reassure Hyman of his integrity, stating that he had many agreements with business partners, including David Rockefeller, which had never been reduced to writing.

23. In March of 2005, Hyman learned that, contrary to the statements and representations of Solomon Terner and Rosa Terner, BTP had been sending its own representative, James Norland, to negotiate leases on its own behalf at locations which were being pursued by Hyman.

-7-

24. When Nat Hyman confronted Rosa Terner with the information set forth in Paragraph 23, above, Rosa Terner denied it.

25. On or about March 31, 2005 BTP, informed Hyman that it did not intend to continue with the business arrangement as stated in Paragraphs 13 and 18, above, because his attorney advised him that the venture would adversely affect his ability to either sell his company or to make a public offering.

26. Despite demand from Hyman, BTP continues to refuse to keep any of the promises it made to Hyman.

27. As a direct and proximate result of the foregoing, Hyman has been injured and damaged by loss of profits, loss of reputation, expenses in seeking locations for stores, as well as other costs and losses associated with its efforts to implement the agreement between the parties. As a direct and proximate result of said breaches, Hyman sustained other injuries as may be discovered.

<u>COUNT I</u>
<u>BREACH OF CONTRACT</u>

28. Hyman incorporates by reference herein, paragraphs 1 through 27 of the Complaint, as if fully set forth at length.

-8-

29.    The failure and refusal by BTP to honor and comply with its agreement and with its promises to Hyman constitute the following:

a)    breach of an oral contract; and

b)    breach of an implied obligation of BTP to perform in accordance with terms of the aforesaid business agreement Hyman was induced to enter to his detriment in reliance upon BTP's promises and representations and to BTP's unjust enrichment.

### COUNT II
### PROMISSORY ESTOPPEL

30.    Hyman incorporates by reference herein, paragraphs 1 through 29 of the Complaint, as if fully set forth at length.

31.    Upon information and belief, it is alleged that the representations set forth above were false and misleading and were intended to be such by Solomon Terner and Rosa Terner with the expectation that they would delay Hyman from opening similar stores in retail environments which could only accommodate one such store.

32.    Upon information and belief, it is alleged that Solomon Terner and Rosa Terner:

a)    knew or believed that the matters were not as they were represented to be; or

-9-

b) intended to disavow the promises and representations made; or

c) knew that they did not have a basis for the representations that they stated or implied.

33.  Hyman was induced by and justifiably relied upon the misrepresentations described above in abandoning its plans to open similar stores on its own accord, converting existing stores to Bijoux Terner stores, and in expending its time and efforts in opening Bijoux Terner stores at various locations.

34. Hyman's justifiable reliance upon the misrepresentations described above were a direct and proximate cause in determining Hyman's actions which resulted in its injuries, losses and damages.

<u>COUNT III</u>
<u>BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING</u>

35.  Hyman incorporates by reference herein, paragraphs 1 through 34 of the Complaint, as if fully set forth at length.

36.  The failure and refusal by BTP to honor and comply with its agreement and with its promises to Hyman constitute a breach of its duty of good faith and fair dealing and the doctrine of necessary implication.

-10-

COUNT IV
FRAUD AND MISREPRESENTATION

37.  Hyman incorporates by reference herein, paragraphs 1 through 36 of the Complaint, as if fully set forth at length.

38.  In order to induce Hyman not to enter into a business similar to that of BTP, Solomon Terner and Rosa Terner represented to Hyman that BTP intended to implement the business agreement as described above.

39.  Hyman believes and therefore avers, that such representations were materially false, in that BTP had no intention of implementing the agreement which the parties had reached.

40.  Such material misrepresentation was made by BTP with actual knowledge of its falsity.

41.  Hyman justifiably relied upon the material misrepresentation of BTP.

42.  Hyman would have commenced opening stores with a similar business model in June of 2004 if it had been aware of the true intentions of BTP.

43.  BTP is liable for the fraudulent misrepresentations of Solomon Terner and Rosa Terner within the course and scope of their employment and in furtherance of the business of BTP.

-11-

44. In light of the BTP's knowing, willful, deliberate and bad faith misrepresentations and outrageous conduct done in contempt of Hyman's rights, Hyman believes and therefore avers that it is entitled to an award of punitive damages and demands same from BTP.

COUNT V
ACCOUNTING AND INJUNCTIVE RELIEF

45. Hyman incorporates by reference herein, paragraphs 1 through 44 of the Complaint, as if fully set forth at length.

46. Hyman does not have an adequate remedy at law.

WHEREFORE, Hyman request that an order be entered:

a) directing BTP to account to Hyman for all profits received by it;

b) enjoining BTP from opening any other stores other than with the direct participation of Hyman and only upon the terms of their agreement;

c) enjoining BTP from selling merchandise to stores which have been opened in breach of its agreement;

d) directing BTP to comply with all provisions of the parties' agreement so that the parties' respective shares in the net amount of the proceeds may be determined;

-12-

e) directing BTP to pay over to Hyman one half of the profits plus interest, attorneys' fees, and punitive damages, and entering judgment in favor of Hyman and against BTP in such amounts;

f) directing BTP to transfer a fifty (50%) per cent interest to Hyman in its stores at the Pittsburgh and Orlando airports;

g) enjoining BTP, its officers, partners, agents, servants, and employees from transacting any business in any other venture which pertains, or relates in any way, to the agreement with Hyman; and

h) granting such other and further relief as this Court may deem appropriate.

Sandor Engel, Esquire
Attorney for Plaintiff
Attorney ID#19040
825 North Twelfth Street
Allentown, PA 18102
(610)439-8430

-13-

**VERIFICATION**

I, Nat L. Hyman, state that I am the President of The Hyman Companies, Inc., the Plaintiff herein, that I am authorized to make this verification on its behalf and that the facts set forth in the foregoing Complaint are true upon my personal knowledge, information and belief.

I understand that my statements are made subject to 18 Pa.C.S. §4904 providing for criminal penalties for unsworn falsification to authorities.

Date: 5/24/05

_____
Nat L. Hyman, President
The Hyman Companies, Inc.

EXHIBIT B

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

THE HYMAN COMPANIES, INC.   :
            :
    Plaintiff     :  Civil Action No. 2005-C-1386
            :
    v.       :
            :
BIJOUX TERNER, INC., JAKAL INVESTMENTS :
CORPORATION, PITIS INVESTMENTS, INC., :
THE ZEIGER CORPORATION,  t/a   :
BIJOUX TERNER PARTNERSHIP,   :
            :
    Defendants    :
            :

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO: Prothonotary     Sandor Engel, Esquire
  Court of Common Pleas  825 North Twelfth Street
  Lehigh County Courthouse  Allentown, Pa  18102
  455 Hamilton
  Allentown, PA  18101

PLEASE TAKE NOTICE that Defendants, Bijoux Terner, Inc., Jakal Investments

Corporation, Pitis Investments, Inc., and The Zeiger Corporation, t/a Bijoux Terner Partnership

(collectively, "Defendants") have, on the  24th day of June, 2005, filed their Notice of Removal,

a copy of which is attached hereto as Exhibit "1," in the office of the Clerk of the United States

District Court for the Eastern District of Pennsylvania.

You are also advised that Defendants have filed a copy of this Notice of Filing Notice of

Removal, with a copy of the Notice of Removal attached, with the Prothonotary of the Court of

Common Pleas of Lehigh County, Pennsylvania, in accordance with 28 U.S.C. § 1446.

Pursuant to 28 U.S.C. § 1446(d), this Court shall proceed no further in this action unless and until the case is remanded.

Respectfully submitted,

COZEN O'CONNOR

By: _____
     James H. Heller, Esquire
     1900 Market Street
     Philadelphia, PA 19103

Attorney for Defendants

Dated: June 24, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing NOTICE OF FILING OF

NOTICE OF REMOVAL in the above-captioned matter was served upon the following-named

persons on the 24th day of June, 2005:

**VIA U.S. MAIL, FIRST CLASS POSTAGE PREPAID:**

Prothonotary
Court of Common Pleas Lehigh County
455 West Hamilton
Allentown, PA  18101


**VIA HAND DELIVERY AND U.S. MAIL, FIRST CLASS POSTAGE PREPAID:**

Sandor Engel, Esquire
825 North Twelfth Street
Allentown, Pennsylvania 18102

Attorney for Plaintiff



James H. Heller, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing NOTICE OF REMOVAL and Proposed Order, in the above-captioned matter were served upon the following-named persons on the day of June, 2005:

**VIA U.S. Mail, First Class Postage Prepaid:**

Prothonotary
Court of Common Pleas Lehigh County
Courthouse
455 West Hamilton
Allentown, PA  18101

FILED  JUN 2 4 2005

**VIA U.S. Mail, First Class Postage Prepaid:**

Sandor Engel, Esquire
825 North Twelfth Street
Allentown, Pennsylvania 18102

Attorney for Plaintiff



_____
James H. Heller